```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**CSX TRANSPORTATION, INC.,**

    **Plaintiff/Counterclaim Defendant,**

**v.**                                 **CIVIL ACTION NO. 1:20cv224**
                                                       **(KLEEH)**

**REBECCA CALOCCIA,**

    **Defendant/Counterclaim Plaintiff,**
**and**

**VIRGINIA CHRISTAFORE and**
**NANCY DUDA,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER DENYING**
**DEFENDANT'S MOTION TO DISMISS [ECF NO. 14]**

Pending before the Court is Defendant Nancy Duda's Motion to Dismiss ("Motion"). [ECF No. 14]. For the reasons discussed herein, the Motion is denied.

### I.    INTRODUCTION

On September 10, 2020, Plaintiff CSX Transportation, Inc. ("CSX") filed a Complaint alleging negligence, private nuisance, trespass, and injunction against Defendants Rebecca Caloccia, Virginia Christafore, and Nancy Duda ("Defendant Duda"). See ECF No. 1, Compl. Defendant Nancy Duda filed a Motion to Dismiss the actions pleaded against her. ECF No. 14. The Motion to Dismiss is fully briefed and is the subject of this Memorandum Opinion and Order.

## II. FACTS

CSX brings claims of negligence, private nuisance, trespass, and permanent injunction against defendants Rebecca Caloccia, Virginia Christafore, and Nancy Duda (collectively, "Defendants"). See ECF No. 1, Compl., ¶¶ 48-75. CSX brings the action due to alleged past and ongoing landslides from Defendants' properties onto CSX's railroad right-of-way ("ROW") located near milepost BNA 56.0 in Harrison County, West Virginia. Id. at ¶¶ 10-12. CSX alleges that ROW at issue is approximately 20 feet wide "with one set of railroad tracks and associated railbed located on the side of hill approximately 80 feet above the northern bank of the West Fork River." Id. at ¶ 13. "Manmade drainage culverts run parallel to the northern side of the tracks which then drain beneath the tracks to the southern side of the tracks and down the south slope." Id. at ¶ 14. To the north of the ROW are three residential or commercial properties, each allegedly owned by Defendants. Id. at ¶ 17-21.

Defendant Duda owns the western property adjacent to the northern border of the ROW, which is described by the address 1614 Shinnston Pike, Clarksburg, WV 25601. Id. at ¶ 17. Defendant Christafore owns the eastern property adjacent to the northern border of the ROW and which spans approximately 40 acres. Id. at ¶ 18. Finally, Defendant Caloccia owns property that is adjacent

to the ROW and Duda properties, and abuts the Christafore property. Id. at ¶¶ 19-21.

Without a building permit, buildings were built at the top of the slope above the ROW, along with a new paved roadway, driveway, and parking lot. Id. at ¶¶ 27-28. The slope between the Caloccia property and ROW became unstable on or about April 3, 2018, after a heavy rainfall. Id. at ¶¶ 30-31. The rainfall caused mud and rock to fall into the drainage culverts, obstructing CSX's track and disrupting CSX's train operations. Id. at ¶¶ 31-32. CSX alleges the debris originated from either the Caloccia, Christafore, or Duda Property. Id. at ¶ 33. Property owners failed to take remedial action to prevent further erosion onto CSX's ROW. Id. at ¶ 35.

Another slide occurred on or about September 10, 2018, and again on or about December 17, 2019, causing a similar obstruction to CSX's ROW and track. Id. at ¶¶ 36-40. Still no remedial action was taken after either slide. Id. As a result of the December 2019 slip and fill of drainage culverts, as well as construction of buildings and pavement, a 20-foot section of a stone wall collapsed on the ROW after several days of rain. Id. at ¶¶ 40-41. The slope above CSX's ROW remains unstable and slides continue to occur. Id. at ¶¶ 43-45. The slides result in CSX incurring cost to remove debris as well as train interruptions. Id. at ¶ 45. CSX has incurred over $75,000.00 in damages. Id. at ¶ 46.

CSX has alleged four causes of action against the defendants:

1. Negligence,

2. Private Nuisance,

3. Trespass, and

4. Injunction.

### III. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a Complaint does not "state a claim upon which relief can be granted." In ruling on a motion to dismiss, a court "must accept as true all of the factual allegations contained in the Complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A motion to dismiss under Rule 12(6)(b) tests the "legal sufficiency of a Complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). A court should dismiss a Complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The factual allegations "must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 545. The facts must constitute more than "a formulaic recitation of the elements of a cause of action." Id. at 555. A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992).

Importantly, "[a] dispositive motion . . . that is unsupported by a memorandum may be denied without prejudice." LR Civ. P. 7.02(a).

## IV.   DISCUSSION

Defendant Duda filed the instant motion to dismiss arguing that CSX's Complaint should be dismissed because (1) Defendant Duda took ownership of the property in May 2020, after the alleged mudslides that occurred in April 2018, September 2018, and December 2019, and therefore could not have been negligent or trespassed, and injunctive relief regarding the same is improper against Defendant Duda; and (2) no factual allegations exist that Defendant Duda created a private nuisance. See Motion to Dismiss, ECF No. 14.

CSX responded in opposition to the motion arguing that it has

overcome the pleading standards of Rule 8 of the Federal Rules of Civil Procedure against Defendant Duda for counts one through four of the Complaint. Response in Opposition, ECF No. 17. First, because Defendant Duda must have been aware of the poor state of the property prior to her purchase, a plausible negligence claim exists. Id. Second, because Defendant Duda has failed to stabilize the slope and therefore permitted unreasonable interference with CSX's use, this amounts to a private nuisance action. Id. Third, the allegations in the complaint state a plausible claim of trespass against Defendant Duda for the slides which occurred after May 5, 2020. Id. Fourth, Defendant Duda's refusal to take action to remediate her property will continue to interfere with CSX's use and threaten injury and damage to its employees and nearby community. Id.

### a. Count One - Negligence

Defendant Duda simply states CSX failed to state facts in support of CSX's negligence claim. To argue this, Defendant Duda ignores the complaint. "In order to establish a prima facie case of negligence in West Virginia, it must be shown that the defendant has been guilty of some act or omission in violation of a duty owed to the plaintiff." Syl. Pt. 1, Parsley v. Gen. Motors Acceptance Corp., 280, S.E.2d 703, 706 (W. Va. 1981). "Questions of negligence, due care, [and] proximate cause . . . present issues

of fact for jury determination when the evidence pertaining to such issues is conflicting or where the facts, even though undisputed, are such that reasonable men may draw different conclusions from them." Syl. Pt. 5, <u>Hatten v. Mason Realty Co.</u>, 135 S.E.2d 236 (W. Va. 1964). Importantly here, however, the "determination of whether plaintiff is owed a duty of care by a defendant must be rendered by the court as a matter of law." <u>Aikens v. Debow</u>, 541 S.E.2d 576, 578 (W. Va. 2000). Landowners have "an obligation to correct [a hazard] within a reasonable period of time after learning of its existence or after [the landowner] should learn of its existence." <u>Miller v. Montgomery Investments, Inc.</u>, 387 S.E.2d 296, 299 (W. Va. 1989).

CSX alleges Defendant Duda has negligently failed to properly maintain her property and prevent past, current, and future harm to CSX due to slides from her property onto the ROW. <u>See</u> ECF No. 1, Compl., ¶¶ 48-54. The factual allegations in support of this include April 2018, September 2018, and December 2019, alleged slides from Defendant Duda's property that damaged CSX's ROW. <u>Id.</u> at ¶¶ 25-40. While Defendant Duda argues that she took ownership of the property in May 2020, CSX argues her property remains unstable, debris continue to slide from her property onto the ROW, causing damage, and the risk of future harm to CSX because of Defendant Duda's failure to stabilize the slope remains unmitigated. <u>Id.</u> at ¶¶ 35-40. CSX undoubtedly pleaded factual

allegations sufficient to raise a right to relief above a speculative level. Twombly, 550 U.S. at 545. To the extent that Defendant Duda briefly argues CSX's negligence action cannot survive a motion to dismiss, she offers no developed argument supported by any legal authority. Without more, the Court cannot find that Defendant Duda owes no duty to CSX to maintain her property and remediate damage caused by her. Thus, the motion is **DENIED** as to that issue.

### b. Count Two – Private Nuisance

Defendant Duda again plainly argues CSX failed to state facts in support of the private nuisance claim and offers no legal authority in support. A private nuisance is "a substantial and unreasonable interference with the private use and enjoyment of another's land." Rhodes v. E.I. du Pont de Nemours and Co., 657 F.Supp.2d 751, 767 (S.D.W. Va. 2009) (internal citation omitted). CSX has alleged that Defendant Duda has used her property in a way that has unreasonably interfered with CSX's ROW. ECF No. 1, Compl., ¶¶ 57-61. Specifically, CSX asserts that Defendant Duda has failed to stabilize the slope which continues to cause damage to CSX's ROW. Id. Again, to the extent that Defendant Duda briefly argues CSX's private nuisance action cannot survive a motion to dismiss, she offers no developed argument supported by any legal authority, and the motion is **DENIED** on this ground.

### c. Count Three – Trespass

In Defendant Duda's two-sentence statement in support of her motion to dismiss CSX's trespass cause of action, she maintains CSX failed to allege facts supporting trespass. "In West Virginia, common law trespass is 'an entry on another man's ground without lawful authority, and doing some damage, however inconsiderable, to his real property.' A continuing trespass occurs, for example, when one person leaves on the land of another, with a duty to remove it, 'a structure, chattel, or other thing.'" <u>Whiteman v. Chesapeake Appalachia, L.L.C.</u>, 729 F.3d 381, 386 (4th Cir. 2013) (internal citation and emphasis omitted). Like the allegations contained in the Complaint in support of Counts One and Two, CSX pleaded factual allegations sufficient to raise a right to relief above a speculative level as to trespass. The motion as to this issue is likewise **DENIED.**

### d. Count Four – Injunction

Defendant Duda again meekly argues dismissal on this count. Without any support whatsoever, she asserts that her property is not at issue, but diverts blame to the Caloccia and Christafore properties. A plaintiff must prove four elements to obtain a permanent injunction:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that,

considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

Mountain Valley Pipeline, LLC v. Wender, 337 F.Supp.3d 656, 673 (S.D.W. Va. 2018). CSX has properly alleged that without Defendant Duda taking affirmative actions to stabilize her property, her property will continue to slide onto the ROW, unreasonably interfere with CSX's use and enjoyment of the ROW, and subject CSX to the threat of injury to its employees, damage to its property, and harm to the nearby community. Compl. ¶¶ 68-75, Response in Opposition, ECF No. 17. CSX likewise survives Defendant Duda's motion to dismiss on this ground, and the motion is **DENIED**.

## V.     CONCLUSION

Defendant Duda's Motion to Dismiss [ECF No. 14] is denied on all grounds.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

**DATED**: August 13, 2021

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE